Opinion by
Mr. Justice Groves.
This is a workmen’s compensation case. The claimant was a brand inspector. In 1960 he sustained a back injury, as to which surgery was performed in 1961. Medical opinions rated his permanent partial disability from 5% to 10% as a working unit. In 1962 a consent award was entered on the basis of 7%% permanent partial disability, and claimant obtained a lump sum settlement. In 1964 the claimant petitioned for reopening of the claim, and it was reopened upon the suggestion of the State Compensation Insurance Fund. Further surgery was performed and the claimant returned to his work on January 21, 1965 at an increased wage. The referee found “that the claimant was much better physically after the surgery of November 13, 1964 than he was at any time after the prior surgery [and that in] view of the above * * * the claimant’s disability does not exceed the 7% percent that he initially received.” This became the finding of the Industrial Commission, which denied claimant’s claim for additional compensation.
I.
The district court affirmed the Industrial Commission, finding that “adequate though disputed testimony existed upon which the Referee could make his finding that Claimant’s disability did not exceed the 7% percent permanent partial which had previously been awarded.” The record so clearly supports the court’s finding that we deem it unnecessary to set forth the testimony or to cite familiar authority to support our affirmance of the matter.
*383 II.
The claimant contends that the doctors, whose testimony supported the finding, used an erroneous method of rating disability. We find no evidence in the record as to the mode either of the doctors employed. The claimant admitted their qualifications and did not cross-examine them as to their methods. Therefore, on the state of the record now before us, we can not pass on the contention.
III.
In oral argument here, it was stated that the referee’s findings were inadequate. This position was not presented to the Commission, the trial court, nor to us in the briefs. We conclude not to pursue the afterthought produced initially on oral argument after the case was at issue here.
Judgment affirmed.
Mr. Justice Pringle, Mr. Justice Hodges and Mr. Justice Lee concur.